IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAEOLA GOLDTHRIP and ) | |
| VICKIE GOLDTHRIP, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-00651-KD-B |
| DEPUY ORTHOPAEDICS, INC. ) | |
| and JOHNSON and JOHNSON ) | |
|     Defendants. ) | |

### ORDER

This matter is before the Court on Defendant Depuy Orthopaedics, Inc.'s ("Defendant" or "Depuy")[1] Motion for Summary Judgment, Plaintiffs' reply, and Depuy's response. (Docs. 16, 26, and 28).[2] Upon consideration, Depuy's motion is **GRANTED**.

**I.  Background**

On or about March 22, 2013, Plaintiff Maeola Goldthrip, underwent left total hip arthroplasty, specifically with the Depuy prodigy total hip system with the 10.5mm diameter femoral stem. Plaintiff's complaint alleges claims arising from an incident where Maeola Goldthrip's "left hip completely gave out" on or about December 23, 2013. (Doc. 1 at 4, ¶ 15).

On December 23, 2015, Plaintiff filed a products liability suit against Defendants Depuy Orthopaedics, Inc. and Johnson and Johnson. Though the Complaint was filed on December 23, 2015, Depuy was not immediately served with the summons and complaint. Specifically, the Complaint noted:

<u>Stipulation to Withhold Process</u>

Because of time constraint and the non-ability of both parties to fully negotiate and resolve this case, Plaintiffs are filing this action to preserve their legal rights

---

[1] Co-defendant Johnson and Johnson did not join in this motion. As referenced in this Order, Defendant applies only to Depuy.
[2] Plaintiff's motion to file a reply to Defendant's reply (Doc. 29) is **DENIED**.

>within the statute of limitations but are withholding Service of Process in an effort to resolve this matter without the extreme expense required by both sides. Process will be served at a later date as agreed to by both parties.

(Doc. 1 at 12).

Plaintiffs sent a copy of the complaint to Depuy via certified mail and included a letter to Depuy's registered agent. In this letter, Plaintiffs stated, "If you feel that you cannot go forward with this plan, please advise me and I will serve the Parties (or we can do a waiver of service). I feel that it is in the best interest of both parties for us to continue the withholding of service until all negotiations or settlement offers have been exhausted." (Doc. 26-1 at 13).

On December 30, 2015, the Court entered a Service Order, outlining service requirements in the Federal Rules of Civil Procedure. (Doc. 2). On February 9, 2016, Plaintiff filed a "Notice of Withholding Service" (Doc. 3), which notified the Court that it had sent the Defendant a copy of the complaint and notice of withholding service via certified mail. (Id.). On February 9, 2016, the Court entered an Order noting, "Not surprisingly, Plaintiffs have cited no legal authority that permits them to file a complaint in federal court and then essentially sit on it until they decide that they are ready to move forth with the prosecution. (Doc. 4 at 1). The Court then cited to the Federal Rules of Civil Procedure and the Local Rules explaining, "These rules make clear that simply filing a complaint and allowing it to languish on the Court's docket is not an option." (Doc. 4 at 1-2). On February 22, 2016, Depuy was served with the summons and complaint via a process server. (Doc. 7 at 2). Depuy's service occurred roughly 90 days after the Complaint was filed. On March 28, 2016, Depuy filed a motion for summary judgment, arguing that Plaintiffs failed to commence this action within the applicable statute of limitations period.

**II.     Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Rule 56(c) provides as follows:

> ***(1) Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> ***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> ***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
> ***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c).

Defendant, as the party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  If the nonmovant fails to make "a sufficient showing on an

3

essential element of her case with respect to which she has the burden of proof," the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In assessing whether the nonmovant has met its burden, "the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter….Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 999 (11th Cir. 1992).

### III. Analysis

Before addressing the parties' substantive contentions, the Court must determine what jurisdiction's law governs the claims in this diversity action. The Eleventh Circuit has explained:

> In a suit where federal jurisdiction is founded on diversity of citizenship, the statute of limitations is governed by state law under the doctrine of *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 79, 58 S.Ct. 817, 823, 82 L.Ed. 1188 (1938). The applicable statute of limitations must come from state law. *Guaranty Trust Co. v. York,* 326 U.S. 99, 110, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). And the law governing when the suit was commenced for purposes of the statute of limitations is also governed by state law. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 748, 100 S.Ct. 1978, 1984, 64 L.Ed.2d 659 (1980); *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

*Aucoin v. Connell*, 209 F. App'x 891, 892-93 (11th Cir. 2006).[3] It appears from the Complaint and the parties' briefing, that Maeola Goldthrip's injuries occurred in Alabama. Moreover, all parties rely primarily on Alabama law in making their respective arguments. Therefore, the Court will apply Alabama law to the claims in this action.

Plaintiff's complaint contains the following allegations: 1) "Strict Product Liability – Product Defect"; 2) Strict Liability – Failure to Warn; 3) Negligence – Product Defect; 4) Negligence - Failure to Warn; and 5) Loss of Consortium. (Doc. 1). The parties do not dispute that all of Plaintiffs' claims have a two year statute of limitations.[4]

---

[3] The Court notes that unpublished opinions are persuasive rather than binding.
[4] Defendants point out that each of Plaintiffs' claims sound in negligence or the Alabama Extended Manufacturer's

Plaintiffs filed this action on December 23, 2015, exactly two years to the day after the incident giving rise to this Complaint took place. Depuy was not served with the summons and complaint until February 22, 2016, roughly 90 days after the action was filed. Depuy argues that as a result of the delay in service, Plaintiffs failed to commence their action within Alabama's two-year statute of limitations applicable to those claims alleged.

Plaintiffs counter that their efforts to communicate regarding settlement with Defendant, combined with their delivery of the complaint via certified mail, satisfy their burden to commence their action within the applicable statute of limitations. (Doc. 16-1). Specifically, Plaintiffs argue that Defendant's participation in communication and pre-discovery, despite having not been served with the summons and the Complaint, amounts to mutual assent to an agreement to withhold service. The Court does not agree. The parties did not enter into a tolling agreement or an agreement to withhold service of process. Depuy's litigation paralegal Betsy Speigel's unchallenged declaration and the exhibits attached thereto confirm that none of Depuy's communications with Plaintiffs included an agreement to withhold service. (Doc. 16-1).

As no such agreement existed, he Court next turns to whether Plaintiffs properly and timely commenced their action, for the purposes of the statute of limitations, under Alabama law. The Alabama Supreme Court has held:

> This Court has repeatedly cautioned, however, that mere filing, alone, is not always sufficient to commence an action and to toll the running of the limitations

---

Liability (AEMLD) claims because Alabama adopted the AEMLD in place of a system of strict product liability. (Doc. 16 at 6-7). *See Bodie v. Purdue Pharma. Co.*, 236 F. App'x 511, 517 n.9 (11th Cir. 2007) (Alabama "does not adhere to a system of strict product liability, but instead follows a modified version of strict liability known as the Alabama Extended Manufacturer's Liability Doctrine ('AEMLD').") (citing *Sears, Roebuck & Co. v. Haven Hills Farm*, 395 So. 2d 991, 994 (Ala. 1981)); *see Batchelor v. Pfizer, Inc.,* 2013 WL 3873242, at *2 (M.D. Ala. July 25, 2013) ("Alabama has not adopted a no-fault concept of products liability and has instead retained a fault-based system known as the [AEMLD].") (citations omitted).

5

> period: "Although Rule 3, Ala. R. Civ. P., states that '[a] civil action is commenced by filing a complaint with the court,' this Court has held that the filing of a complaint is not the sole factor in determining when an action is 'commenced.' A major function of Rule 3, Ala. R. Civ. P., is to identify, with certainty, the specific time when a civil action is initiated. The filing of a complaint is, therefore, a significant factor in commencing an action and suspending the operation of the applicable statute of limitations; however, it is not the sole factor. *Ward v. Saben Appliance Co.,* 391 So.2d 1030, 1032 (Ala.1980). This Court has held that the filing of a complaint, standing alone, does not commence an action for statute-of-limitations purposes."

*Ex parte Courtyard Citiflats, LLC*, No. 1140264, 2015 WL 3648518, at *2 (Ala. June 12, 2015), *cert. denied sub nom. Arrington v. Courtyard Citiflats, LLC*, 136 S. Ct. 1194 (2016)(citing *Ex parte East Alabama Mental Health–Mental Retardation Bd., Inc.,* 939 So.2d 1, 3 (Ala.2006)).

Though it is generally the case that the filing of the complaint constitutes the "commencement of the action," "such filings call for an implied demand for immediate service. When, as here, the plaintiff intentionally interferes with this service by ordering that service be withheld, then the filing will not constitute the commencement of the action, since there is no intent to prosecute the claim at that time." *Freer v. Potter*, 413 So. 2d 1079, 1081 (Ala. 1982). In the Complaint, Plaintiff unambiguously states that it intends to withhold service. (Doc. 1 at 12). This evidences a lack of intent to immediately serve the Defendant. Though Plaintiffs argue that they sent Depuy a copy of the complaint via certified mail shortly after filing the complaint, this does not satisfy the requirements of proper service.

In *Ward v. Saben Appliance Co.,* the plaintiff's attorney filed a timely complaint, but he directed the clerk to withhold personal service until he could obtain additional information on the case. 391 So. 2d 1030 (Ala. 1980). Defendants were eventually served nearly four months later. There, the Alabama Supreme Court held that while the filing of a complaint is a significant factor in commencing an action and suspending the operation of the applicable statute of limitations, it is not the sole factor to be considered. The Court concluded by stating:

> We hold that in the present case the action was not 'commenced' when it was filed with the circuit clerk because it was not filed with the *bona fide* intention of having it immediately served. To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations.

*Id*. at 1035.

Upon consideration of the foregoing Alabama law, Plaintiffs failed to commence their action when they filed the Complaint on December 23, 2015, because they did not immediately serve or have the intent to immediately serve the Defendant. Thus, Plaintiffs failed to commence their action within the limitations period that ended on December 23, 2015. As a result, Defendant's motion for summary judgment is due to be granted. Though the results are undoubtedly harsh for the Plaintiffs, the law of Alabama compels this outcome.

**IV.    Conclusion**

Upon consideration of the foregoing, Defendant Depuy Orthopaedics, Inc.'s motion for summary judgment as to all claims (Doc. 16) is **GRANTED**.

**DONE** and **ORDERED** this **13**th day of **May 2016**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**